SANTOS, DEMANDANTE Y APELADA, *v.* LÓPEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre retracto legal.

No. 1776.—Resuelto en junio 20, 1918.

ALEGACIONES—CONTRATO DE COMPRAVENTA—DERECHO DE RETRACTO.—Examinadas las alegaciones de la demanda en el presente caso, *Se resolvió:* que el contrato a que la misma se refiere es de compraventa por contener todos los elementos necesarios al efecto, con arreglo al artículo 1348 del Código Civil. Nada importa, para la acción de retracto, que la demandante no exprese en la demanda que está dispuesta a subrogarse en lugar del comprador en las mismas condiciones del contrato, pues la demandante consigna que hace uso del derecho de retracto legal que precisamente consiste en la subrogación expresada, por lo cual las alegaciones de la demanda muestran causa para la acción de retracto.

INEXISTENCIA DE ACTOS—IMPEDIMENTO PARA LEVANTAR LA CUESTIÓN DE INEXISTENCIA.—No puede discutirse la cuestión de inexistencia de los actos de una corte cuando la parte que levanta tal cuestión está impedida de hacerlo. Si una parte adquiere participaciones dominicales sobre las que se alega derecho de retracto y acepta que la persona de quien hubo esas participaciones adquirió en virtud de los mismos actos que ella reputa inexistentes, no puede impugnar éstos, pues está impedida (*estopped*) de ir contra sus propios actos, sin que sea susceptible de impugnación la evidencia aportada por la parte demandante para justificar el condominio en que se funda el derecho de retracto.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. C. B. Buitrago.*

Abogado de la apelada: *Sr. Francisco González.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ramona Santos Torrens acudió a la Corte de Distrito de Humacao en 22 de abril de 1915 interponiendo demanda contra Justiniano López Soto y Antonio Ramírez González sobre retracto legal, y alega como hechos esenciales de su acción los siguientes:

1º. Que es dueña en común proindiviso con Juan Enrique Nicolás, Amalia, José Enrique, Cruz y Juan Alvarez Santos, de tres fincas rústicas que describe en la demanda y marca con las letras *a*, *b*, *c*, la primera de 9 cuerdas de terreno, la segunda de 13 y la tercera de 22, situadas las tres en el barrio Rincón de Gurabo.

2º. Que por escritura pública otorgada en Caguas a 14 de abril de 1915, el condueño José Enrique Alvarez Santos cedió a Justiniano López Soto una quinta parte de dos terceras en la finca letra *a*, otra quinta parte de dos terceras en la finca letra *b*, y una quinta parte en la finca letra *c*, por precio de $700.

3º. Que por otra escritura también otorgada en Caguas en la misma fecha 14 de abril de 1915, Justiniano López Soto cedió a su vez al otro demandado Antonio Ramírez González los mismos derechos y acciones que había adquirido de José Enrique Alvarez Santos en las fincas expresadas.

4º. Que la demandante, haciendo uso del derecho de retracto legal ofreció los $700, precio de la venta y cesión a los demandados, quienes se negaron a recibirlos, estando dispuesta a reembolsar no sólo el precio de la venta sino también los gastos del contrato y cualquier otro pago legítimo hecho para la venta y los gastos necesarios y útiles.

5º. Que en la fecha de la demanda había consignado en la Corte de Distrito de Humacao los $700 precio de la venta y $10 más que calculaba como costo legal máximo de los gastos del contrato de compraventa.

6º. Que la demandante se compromete a no vender las participaciones objeto del presente pleito durante cuatro años.

La demanda concluye con la súplica de que se dicte sentencia declarando con lugar el retracto y condenando a los demandados a otorgar la correspondiente escritura a favor de la demandante de las participaciones de las fincas de que se trata, quedando a su disposición el precio consignado, y si no lo hicieren dentro del término que fije la corte, se otorgue por el márshal dicha escritura con costas, desembolsos y honorarios de abogado a cargo de los demandados.

A la anterior demanda opusieron los demandados Justiniano López Soto y Antonio Ramírez González excepción previa de que aquélla no aduce hechos suficientes para determinar una causa de acción, y declarada sin lugar la excepción por resolución de 24 de enero de 1916, contestaron aquéllos la demanda negando los hechos 1°., 4°. y 5°. de la misma, en cuanto al 5°. por carecer de información, y aceptando los 2°. y 3°., con la adición de que la venta hecha por Justiniano López Soto a favor de su codemandado Antonio Ramírez González lo fué por el precio de $1,000.

Como materia nueva constitutiva de oposición alegan los demandados que en las fincas descritas en la demanda la demandante sólo tiene un derecho de usufructo; que las dichas fincas fueron adquiridas por Juan Enrique Nicolás, Amalia, José Enrique, Cruz y Juan Alvarez Santos por herencia de su padre Juan Alvarez Segarra, quien a su vez las hubo por título de herencia; y que la demandante con anterioridad a la fecha de la venta a favor del demandado Justiniano López Soto fué notificada por éste de la operación concertada por su hijo José Enrique Alvarez Santos y prestó su consentimiento a la misma con renuncia de todos sus derechos.

En la celebración del juicio, después de practicadas las pruebas de la demandante, la representación de los demandados estableció moción de *non suit* por el fundamento de que la demandante no había probado el hecho 1°. de la de-

manda, cuya moción fué desestimada, y no habiéndose presentado evidencia alguna por los demandados, fué pronunciada sentencia en 17 de julio de 1917, que declara con lugar la demanda y condena a los demandados a otorgar dentro de cinco días la correspondiente escritura a favor de la demandante, sobre las participaciones de las fincas descritas en la demanda, quedando a disposición de los demandados los $700 consignados, otorgándose por el márshal de la corte dicha escritura si los demandados no lo hicieren dentro del término señalado, con las costas a cargo de los mismos.

Contra esa sentencia interpuso la representación de los demandados recurso de apelación para ante esta Corte Suprema y se alegan como motivos del recurso los siguientes:

1°. Que la corte inferior erró al declarar sin lugar la excepción propuesta por los demandados de que la demanda no aduce hechos suficientes para determinar una causa de acción.

2°. Que la corte inferior erró al admitir como evidencia certificaciones expedidas por el Secretario de la Corte de Distrito de Guayama y por el Registrador de la Propiedad de Caguas.

3°. Que la corte inferior erró al declarar sin lugar la moción de *non suit* presentada por los demandados.

Para sostener el primer error alega la parte apelante que de la demanda no aparece celebración de un contrato de compraventa que pueda dar lugar al retracto legal definido por el artículo 1424 del Código Civil, ni que la demandante esté dispuesta a subrogarse en lugar del adquirente con las mismas condiciones estipuladas en el contrato.

El artículo 1424 del Código Civil dice así:

"El retracto legal es el derecho de subrogarse con las mismas condiciones estipuladas en el contrato en lugar del que adquiere una cosa por compra o dación en pago."

Examinadas las alegaciones de la demanda a la luz del precepto legal que dejamos transcrito, sin gran esfuerzo mental llegamos a la conclusión de que el contrato por el cual el condueño José Enrique Alvarez Santos cedió a Justiniano López Soto por precio de $700 las participaciones dominicales que expresa sobre las fincas descritas en la demanda es de compraventa por contener todos los elementos necesarios al efecto con arreglo al artículo 1348 del código citado. La cesión de una cosa o derecho por precio determinado a favor de otra persona es un contrato de compraventa. Y el codemandado Antonio Ramírez González al adquirir de Justiniano López Soto las mismas participaciones dominicales sobre bienes inmuebles que éste había adquirido de José Enrique Alvarez Santos verificó la adquisición afectada por la misma condición resolutoria que afectaba el derecho de su causante.

Nada importa que la demandante no expresara en la demanda que estaba dispuesta a subrogarse en lugar del comprador en las mismas condiciones del contrato pues la demandante consigna que hace uso del derecho de retracto legal que precisamente consiste en la subrogación expresada y además ofreció y consignó en la corte de distrito los $700 precio de la venta y $10 más como costo máximo de los gastos del contrato de compraventa, todo con el fin de obtener la subrogación otorgándose a su favor la correspondiente escritura de las participaciones dominicales adquiridas por Justiniano López Soto del condueño José Enrique Alvarez Santos.

Las alegaciones de la demanda muestran el derecho de retracto tal como lo define el mismo artículo invocado por la parte apelante.

Las certificaciones expedidas por el Secretario de la Corte de Distrito de Guayama y que fueron presentadas en evidencia por la parte demandante son tres: una de ellas

comprensiva de la resolución dictada por la Corte de Distrito de Guayama en 16 de enero de 1908 declarando a Ramona Santos Torrens y a sus hijos Juan Enrique Nicolás, Amalia, José Enrique, Cruz y Juan Alvarez Santos, únicos y universales herederos de Juan Alvarez Segarra, fallecido en la ciudad de Caguas. . Otra comprensiva de la resolución dictada por la Corte de Distrito de Guayama en 5 de mayo de 1908 aprobando un expediente promovido por Ramona Santos Torrens a nombre propio y en representación de sus menores hijos anteriormente expresados, para acreditar el dominio de una finca de 13 cuerdas que es la misma que con esa cabida y letra *b* se describe en la demanda, y de otra finca de 9 cuerdas que no es la que con igual cabida y bajo la letra *a* también se describe en la demanda, ambas ubicadas en el barrio de Rincón de Gurabo, en cuya resolución se ordena que en el Registro de la Propiedad de Caguas se inscriban ambas fincas en la proporción de una tercera parte para la viuda y de dos terceras partes para sus menores hijos. Y la tercera certificación comprensiva de una resolución dictada por la Corte de Distrito de Guayama en 10 de junio de 1908, accediendo a una solicitud de Ramona Santos Torrens para permutar la segunda finca a que se refiere el expediente de dominio por otra de doña Quiteria López Rodríguez, ambas radicadas en el barrio de Rincón, término municipal de Gurabo, siendo la finca de Quiteria López Rodríguez la misma de 9 cuerdas que se describe en la demanda.

La certificación del Registrador de la Propiedad de Caguas se refiere a inscripciones y anotaciones hechas en el registro a su cargo con relación a las fincas de que se trata, en virtud de las resoluciones de la Corte de Distrito de Guayama de que acabamos de hacer mérito.

Alega la parte apelante que las resoluciones de la Corte de Distrito de Guayama deben reputarse inexistentes por carecer dicha corte de jurisdicción para dictarlas, debiendo también reputarse inexistentes las inscripciones y anotaciones del Registrador de la Propiedad de Caguas llevadas a

efecto como consecuencia de aquellas resoluciones, y que por tanto las certificaciones aludidas no han podido ser admitidas como evidencia, del dominio alegado por la demandante en el hecho primero de su demanda.

No discutiremos la inexistencia de los actos de la Corte de Distrito de Guayama y del Registrador de la Propiedad de Caguas a que se refiere la representación de la parte apelante, pues los demandados están impedidos de levantar esa cuestión. Ellos adquirieron de José Enrique Alvarez Santos las participaciones dominicales sobre que alega derecho de retracto la parte demandante y si aceptaron que Alvarez Santos era dueño de esas participaciones precisamente en virtud de los actos que reputan inexistentes, y las compraron, claro que no pueden impugnar esos mismos actos de que el causante José Enrique Alvarez Santos y por tanto ellos derivan su derecho. Están impedidos (*estopped*) de ir contra sus propios actos.

No siendo susceptible de impugnación la evidencia aportada por la parte demandante para justificar el condominio en que funda su derecho de retracto, la resolución denegatoria de la moción de *non suit* debe sostenerse. Pero aún hay más, y es que la parte demandada al exponer la materia nueva constitutiva de oposición admite que la demandante tiene en las fincas descritas en la demanda un derecho de usufructo y que esas fincas fueron adquiridas por Juan Enrique Nicolás, Amalia, José Enrique, Cruz y Juan Alvarez Santos por herencia de su padre Juan Alvarez Segarra, siendo por tanto la demandante dueña de ellas en unión de sus referidos hijos aunque los condominios sean de distinto carácter.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.